Bilinsky, et al. *v.* Liquor Control Board.

Argued October 6, 1972, before Judges Crumlish, Jr., Wilkinson, Jr., and Blatt, sitting as a panel of three.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *Albert B. Miller,* Special Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*D. T. Spagnoletti,* for appellees.

Opinion by Judge Crumlish, Jr., December 20, 1972:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Com-

mon Pleas of Philadelphia County reversing an order of the Board refusing to transfer a restaurant liquor license.

In August of 1970 the Bilinskys filed an application with the Board to transfer a restaurant liquor license to the premises at 458 East Girard Avenue, Philadelphia. A hearing on the application was held in December of 1970 at which both the applicants and protestors presented evidence. The Board considered the evidence and refused to grant the transfer application for the stated reasons that: (1) the premises proposed to be licensed are located within two hundred feet of other licensed establishments; (2) the premises proposed to be licensed are located within three hundred feet of the First Presbyterian Church of Kensington parking lot; and (3) the granting of this license will adversely affect the welfare, health, peace and morals of the neighborhood within a radius of five hundred feet.

An appeal by the applicants to the Court of Common Pleas was sustained and the order of the Board was reversed. The Board now appeals that decision to this Court.

The Board here contends that the lower court erred in substituting its discretion for that of the Board in sustaining the appeal of the applicants. The court below determined that (1) the proposed taproom would be within three hundred feet of a church parking lot but that it was not contiguous to the church and therefore was not part of the church; (2) that although there are other licensed premises within two hundred feet of the premises in question, these establishments were not in the same license class as the proposed taproom and therefore the two hundred foot restriction was not applicable in this instance; and (3) that because the area was zoned commercial and there were

other commercial uses nearby, it was an abuse of discretion for the Board to determine that the proposed taproom would be detrimental to the morals of the community. We disagree with the court below and hold that the decision of the lower court must be reversed.

Section 404 of the Liquor Code, Act of April 12, 1951, P. L. 90, Art. IV, as amended, 47 P.S. §4-404 provides statutory guidance to the Board in determining the propriety of a license transfer. That section, in pertinent part provides: "[I]n the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school or public playground or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board. . . . And provided further, that the board shall refuse any application for a new license or transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed . . . ."

By this section, the Legislature has endowed the Board with the discretion to approve or refuse transfer applications. As stated in *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 626, 186 A. 2d 448 (1962), "It is settled law that the function of the court [of Common Pleas] on appeal is not to substitute its discretion for that of the Board, but merely to determine whether the Board abused its administrative discretion. . . . There must be a clear abuse of administrative discretion before our courts are authorized to set aside the action taken by an administration board

. . . While it is upon the record made at the hearing de novo that the court [of Common Pleas] determines whether or not the Board abused its discretion . . . the Court [of Common Pleas] may not substitute its discretion for that of the Board." (Case cites omitted)

With regard to the proximity of the premises to the church parking lot, there was testimony that this lot was part of the church premises although not strictly contiguous to the church. We do not, however, decide the case on that point.

There was undisputed evidence that the proposed taproom was within two hundred feet of other licensed premises. This Court cannot judicially restrict the wording of the statute to apply only to licensed premises of the same class. That is the function of the Legislature. The statute says "within two hundred feet of *any other premises which is licensed by the board.*" (Emphasis supplied.) It does not distinguish premises of the same class licensed by the board. This fact alone was sufficient reason for the Board to refuse the transfer application. Our Superior Court has stated in *Jack's Delicatessen, Inc. Liquor License Case,* 202 Pa. Superior Ct. 481, 485, 198 A. 2d 604 (1964) that ". . . where premises proposed to be licensed are located within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for the Board's refusal to grant or transfer the license, and the court [of Common Pleas] has no right on appeal to substitute its discretion for that of the Board." *See also 425-429 Liquor License Case,* 179 Pa. Superior Ct. 235, 116 A. 2d 79 (1955).

Finally, although our decision does not rest on this point, we note that there was evidence presented by both sides bearing on the effect of the proposed taproom on the geographic area within a radius of five hundred feet. In such a case it was proper for the

Board to exercise its statutorily granted discretion in reaching a conclusion as to the propriety of the transfer and it was not the function of the lower court to substitute its discretion for that of the Board.

The order of the Court of Common Pleas of Philadelphia County is reversed.