The Board of Commissioners of Upper Darby Township, Appellant, *v.* Penn Continental Motor Inns, Inc., t/a Green Valley Motor Inn, Appellee. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant, *v.* Penn Continental Motor Inns, Inc., t/a Green Valley Motor Inn, Appellee.

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Joseph P. Mylotte,* with him *Alvin S. Ackerman,* for appellant, Board of Commissioners.

*J. Leonard Langan,* Assistant Attorney General, with him *Alexander J. Jaffurs,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellant, Pennsylvania Liquor Control Board.

*Francis R. Lord,* with him *Lord & Mulligan,* for appellee.

OPINION BY JUDGE KRAMER, November 26, 1973:

This case involves two appeals filed by the Pennsylvania Liquor Control Board (LCB) and the Board of Commissioners of Upper Darby Township (Township) from an order of the Court of Common Pleas of Delaware County dated February 13, 1973, in which the court sustained the appeal of Penn Continental Motor Inns, Inc., t/a Green Valley Motor Inn (Penn Continental). The order directed the LCB to issue a hotel liquor license to Penn Continental.

As an aid to an understanding of our determination of this matter we will set forth some of the pertinent facts as found by the court below. Penn Continental is a Pennsylvania corporation which is the owner and operator of a motel complex consisting of 82 units, the office for which is located in Clifton Heights Borough in Delaware County. We make this distinction for the reason that although the offices, and the subject restaurant for which application has been made for a hotel liquor license, are located in that borough, the large majority of the motel units are located in the Township of Upper Darby. The record clearly shows that Penn Continental has met all of the requirements under the law entitling it to the liquor license sought with one possible exception which has been raised by the LCB and the Township, i.e., the northerly prop-

erty line of Penn Continental abuts a public playground located in Upper Darby Township, and the northerly edge of the closest motel building is within ten feet of that boundary line. The record also shows that the distance between the closest edge of the restaurant, which the Penn Continental application designates as the area to be licensed, to the boundary abutting the playground property is approximately 400 feet. The record also establishes that the boundary between the motel property and the playground is completely fenced with a seven to twelve feet high cyclone fence, beyond which, on the playground side, is a creek. After the filing of protests by the Township[1] and some residents of the area, a hearing was held before the LCB. On November 29, 1972, the LCB issued an order refusing the granting of a new hotel liquor license to Penn Continental for two reasons:

"1. The proposed licensed premises are located within 300 feet of the Bishop Road-Delmar Road playground.

2. The granting of this license will adversely affect the welfare, peace, health and morals of the neighborhood within a radius of 500 feet."

Upon appeal to the court below, counsel for the parties submitted the case on the record which had been made before the LCB. The lower court made extensive findings, none of which are contested by any of the parties.

With regard to the second reason for refusing the application, the lower court concluded that there was nothing in the record from which the LCB could support its conclusion that the granting of this license would adversely affect the neighborhood within a radius

---

[1] It should be noted that the Township sold to Penn Continental the parcel of land abutting the then existing playground for an expansion of the motel facilities.

of 500 feet. Although the LCB and the Township in their appeal to this case have apparently dropped any appeal from the lower court's holding in that regard, we have carefully reviewed the record and conclude that the lower court was not in error in its conclusion. There is nothing in the record of this case from which the LCB, the court below, or this Court could conclude that the granting of this license will adversely affect the neighborhood.

The sole remaining issue is whether under the facts of this case and the legislative intent of the applicable statutes, this license should not be granted because of its proximity to a public playground.

In passing, we note that the case law is clear that the court of common pleas on an appeal from an order of the LCB may not substitute its discretion for that of the LCB. (*See Bilinsky v. Liquor Control Board*, 7 Pa. Commonwealth Ct. 312, 298 A. 2d 698 (1972); *Jack's Delicatessen, Inc. Liquor License Case*, 202 Pa. Superior Ct. 481, 198 A. 2d 604 (1964); *Gismondi Liquor License Case*, 199 Pa. Superior Ct. 619, 186 A. 2d 448 (1962)). We have before us, however, questions which are not related to abuse of discretion by the lower court, but, rather, questions related to whether the lower court committed an error of law.

The Liquor Code, Act of April 12, 1951, P. L. 90, §404, as amended, 47 P.S. §4-404, after providing for certain requirements, all of which Penn Continental meets, states that a hotel liquor license shall be issued under the following proviso: "Provided, however, that in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such *place proposed to be licensed* is within *three hundred feet* of any church, hospital, charitable institution, school or *public playground*, . . . ." (Emphasis added.)

The key to the resolution of the issue which has been presented to us is the determination of what the Legislature intended by the words "place proposed to be licensed." Our research disclosed the case of *DiRocco Liquor License Case,* 167 Pa. Superior Ct. 381, 74 A. 2d 501 (1950), where the court, in construing the word "school" interpreted it to mean the entire school property and not just the school building itself. After pointing out that one of the purposes in passing the Liquor Code was to discourage the existence of places where alcoholic beverages were dispensed in the vicinity of schools and playgrounds, the court followed common sense in that it is obvious that all portions of schools or playground properties will be used by children. *DiRocco, supra,* however, does not control the disposition of the case before us. Although children may use the entire playground abutting the motel realty of Penn Continental, the question is not whether all of the playground property is to be given consideration but rather, whether the entire motel complex or only the restaurant lounge is to be used as the reference point for the distance in question. In that regard, the record establishes beyond doubt that if a person using Upper Darby's playground walked to its very edge, to the place of the cyclone fence, such person would still be more than 400 feet from the restaurant in which Penn Continental proposes to dispense alcoholic beverages. Furthermore, all parties were in agreement that because of the fencing and hilly terrain at the boundary line, it would be exceedingly difficult for anyone (or more specifically, a child), to ford the stream and climb the fence to gain access to Penn Continental's property.

There is another section which we must review. Section 406 of the Liquor Code, 47 P.S. §4-406, states in pertinent part: "(a) Every hotel, restaurant or club liquor licensee may sell liquor and malt or brewed bev-

erages by the glass, open bottle or other container, and in any mixture, for consumption only in that part of the hotel or restaurant habitually used for the serving of food to guests or patrons, and in the case of hotels, to guests, and in the case of clubs, to members, in their private rooms in the hotel or club." As the court below noted, the principal stockholder of Penn Continental stipulated and agreed at the hearing that ". . . no liquor will be served in the rooms." The lower court also noted that in its application Penn Continental clearly delineated the "premises to be licensed" as one room twenty nine feet six inches wide and twenty seven feet long located on the first floor in accordance with the plans which were submitted with the application. The application form, prepared by the LCB, required the applicant to "list complete information for *every room* which is to be used in the operation of the licensed business, including a separate kitchen, if any, and area to be used for storage of alcoholic beverages." (Emphasis added.) This is in accord with Section 403 of the Liquor Code, 47 P.S. §4-403, which provides in pertinent part: "Every such application shall contain a description of that part of the hotel, restaurant or club for which the applicant desires a license and shall set forth such other material information, description or plan of *that part of the hotel,* restaurant or club where it is proposed to keep and sell liquor as may be required by the regulations of the board." (Emphasis added.) It is also of import to note that LCB regulations define "place proposed to be licensed" as "[t]he rooms designated in the application for license." *See* 40 Pa. Code §3.22.

The lower court wisely pointed out that, even absent a liquor license, Penn Continental would have no control over its guests purchasing alcoholic beverages at a State liquor store, or beer distributor, or tavern and

transporting them to their rooms in the motel, at places which would be within 300 feet of the public playground.

The LCB and the Township contend that the proposed use of a liquor license on this property, even though the actual place of dispensement may be more than 300 feet from the playground, should permit the LCB to refuse the application. We do not have such difficulty with this case. Certainly, the LCB could not contend that, if Penn Continental leased the restaurant space to some third party, the LCB could refuse an application for a liquor license because its landlord's property extended to within 300 feet of a playground. In view of the statement of the controlling stockholder of Penn Continental, which Penn Continental's counsel designates as a stipulation and agreement, to restrict the sale of alcoholic beverages under the proposed hotel liquor license solely to the restaurant lounge, which is more than 400 feet from the playground in Upper Darby Township, we believe it would be a proper condition to be inserted in Penn Continental's license as an agreed-to restriction. If Penn Continental should contest such a restriction, then perhaps the courts would have to take another look at the intent of the applicant, Penn Continental, as to what it believes is the "placed proposed to be licensed." So that there is no misunderstanding, we conclude that Penn Continental and the court below intended and concluded that the "place proposed to be licensed" is to be restricted to the restaurant area specifically set forth in paragraph 19 of its application.

In summary, we hold that it was not an error of law for the court below to conclude that the application by Penn Continental for a new hotel liquor license was for a place more than 300 feet of the playground located in Upper Darby Township. Affirmed.