Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant, *v.* Two Guy's Delicatessen, Inc., Appellee.

Submitted on briefs, April 5, 1974, to Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Welton J. Fischer,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Samuel F. Pepper,* for appellee.

OPINION BY JUDGE KRAMER, May 28, 1974:

This is an appeal filed by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Philadelphia County, dated September 13, 1973, sustaining the appeal of Two Guy's Delicatessen, Inc. (Two Guy's) from an adjudication of the Board dated July 23, 1973 wherein Two Guy's application for the transfer of a Retail Dispenser Eating Place license was refused.

This case had its beginning when, on February 26, 1973, Two Guy's filed an application with the Board

for a transfer of a retail dispenser's eating place license to its then existing delicatessen-restaurant located in Philadelphia. After hearing, the Board found as a fact that "The premises proposed to be licensed are located within 200' of other licensed establishments." The record indicates that the Two Guy's establishment is 75 feet across the street from another licensed premises.

Upon appeal to the court below, a de novo hearing was held, after which the court made two findings. First, it found that the area to which the transfer was requested to be made was located in a "commercial area." Secondly, the court found that there were no other delicatessens within 200 feet of the proposed premises. The court made no finding on whether the Two Guy's premises were within any distance of another Board-licensed premises. It should be pointed out that the license which Two Guy's has asked to be transferred involves a retail dispenser license, which permits the sale of beer but not liquor. The licensee, which according to the record is located within 200 feet from Two Guy's has a restaurant liquor license which permits the sale of beer, liquor and other alcoholic beverages. It should also be noted here that the statute requires a restaurant liquor licensee to sell alcoholic beverages only in that part of its establishment used for the serving of food to guests. *See* Liquor Code, Act of April 12, 1951, P. L. 90, §406, as amended, 47 P.S. §4-406.

The pertinent provisions of the Liquor Code upon which this case must turn are found in Sections 432(d) and 464, 47 P.S. §§4-432(d), 4-464. The pertinent provisions of these sections read as follows:

Section 432(d) pertaining to applications for retail dispenser (beer only) license: "The board shall, in its discretion, grant or refuse any new license or the transfer of any license to a new location if such place

proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board. . . ."

Section 464 which applies to hearings upon refusal of the grant of licenses: "Any applicant who has appeared before the board . . . who is aggrieved by the refusal of the board to . . . transfer any such license may appeal. . . . The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved. . . . The court shall either sustain or over-rule the action of the board and either order or deny . . . transfer of the license to the applicant."

It is obvious from a reading of the statute that whether or not a license should be issued or transferred to a new location which is within 200 feet of any other premises licensed by the Board is a matter within the discretion of the administrative agency. This case is controlled by our holding in *Bilinsky v. Liquor Control Board*, 7 Pa. Commonwealth Ct. 312, 298 A. 2d 698 (1972). In that case, the Board had refused to transfer a restaurant liquor license to a new location for the reason, *inter alia*, that the proposed licensed premises were within 200 feet of another licensed premises of a different class (distributor license). In *Bilinsky, supra*, we stated: "There was undisputed evidence that the proposed taproom was within two hundred feet of other licensed premises. This Court cannot judicially restrict the wording of the statute to apply only to licensed premises of the same class. That is the function of the Legislature. The statute says 'within two hundred feet of *any other premises which is licensed by the board. . . .*' It does not distinguish premises of the same class licensed by

the board. This fact alone was sufficient reason for the board to refuse the transfer application. Our Superior Court has stated in Jack's Delicatessen, Inc. Liquor License Case, 202 Pa. Superior Ct. 481, 485, 198 A. 2d 604 (1964) that: '. . . where premises proposed to be licensed are located within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for the Board's refusal to grant or transfer the license, and the court [of Common Pleas] has no right on appeal to substitute its discretion for that of the Board.' See also 425-429 Liquor License Case, 179 Pa. Superior Ct. 235, 116 A. 2d 79 (1955)." (Emphasis in original.) 7 Pa. Commonwealth Ct. at 316, 298 A. 2d at 700. *Bilinsky, supra,* also points out that the task of the court of common pleas in its de novo hearing in such a case is to determine whether the Board abused its discretion.

In this case, the lower court merely substituted its discretion for that of the Board. The mere findings that the premises of Two Guy's is located in a commercial area or that there is not another delicatessen within 200 feet are not such additional facts as would permit the court to substitute its discretion for that of the Board.

Two Guy's reliance upon the opinion of this Court in *Commonwealth v. M. S. G., Inc.,* 7 Pa. Commonwealth Ct. 540, 297 A. 2d 556 (1972) is misplaced. In that case, we faced the question of whether the court of common pleas could modify a suspension of a license based upon additional evidence which had not been presented to the Board. In this case, there was no significant difference between the evidence presented to the Board and the court, and therefore the court below abused its discretion in substituting its findings for that of the Board. Our scope of review is to determine whether or not the court below abused its discretion or committed an error of law. Based upon the

above discussion, we conclude that the court below abused its discretion. This case falls squarely within our holding in *Bilinsky, supra.*

This Court has deep sympathy for the position in which Two Guy's finds itself, but as we stated in *Bilinsky,* this is really a matter for the Legislature, not for the courts. If the Legislature intended to restrict the discretion of the Board to transfers to places within 200 feet of other licensees *of the same class,* it would have said so. We are bound to follow the statute and therefore, we must reverse the order of the court below dated September 13, 1973, and affirm the adjudication of the Board refusing to grant the transfer of said license.