Appeal of Angeline Amminiti, Trading as Pizza Hut from order of The Pennsylvania Liquor Control Board. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 5, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Bruce D. Foreman,* with him *Earl J. Melman,* and *Melman, Gekas, Nicholas and Lieberman,* for appellee.

OPINION BY JUDGE MENCER, September 20, 1977:

This is an appeal filed by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Fayette County, dated July 30, 1975, sustaining the appeal of Angeline Amminiti, trading

as Pizza Hut, from an adjudication of the Board dated July 2, 1975, wherein Angeline Amminiti's application for transfer of a restaurant liquor license under prior approval was refused.

The appellee operated a restaurant with a liquor license in Masontown, Fayette County, for a number of years until the premises lodging the business were taken by eminent domain proceedings instituted by the Fayette County Redevelopment Authority. Appellee then decided to relocate her business outside of the Borough of Masontown since no suitable relocation sites existed there. The Authority concurred in this determination. Appellee applied to transfer her license to a site on U.S. Route 40 which is located in South Union Township. A nursing home, owned and operated by the Sisters of St. Basil, is located near to the proposed transfer site. The religious order appeared before the Board and objected to the proposed transfer. After a full hearing, the Board ruled that the proposed new location was within 300 feet of the nursing home, and therefore, at the Board's discretion, the transfer could be and was refused.

Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-404, provides in pertinent part:

[I]n the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground. . . .

The regulations promulgated by the Board provide the guidelines for the calculation of the 300-foot distance and the points from which the straight-line measurements are made. The appropriate regulation is as follows:

(a) For the purpose of establishing uniform points of measurement, the following shall apply:

(1) The part of the church, hospital, charitable institution, school, or public playground (and/or the adjoining ground used in connection therewith), and any other premises licensed by the Board nearest to the place proposed to be licensed.

(2) The part of the place proposed to be licensed nearest to the church, hospital, charitable institution, school, or public playground (and/or the adjoining ground used in connection therewith), and any other premises licensed by the Board.

(b) Measurements shall be made or calculated in a straight line between the fixed points so determined, regardless of intervening land, water, buildings, or structures of any kind.

40 Pa. Code §3.23.

The testimony adduced before the Board and the court below was substantially identical on the question of whether the adjoining ground of the nursing home was used in connection therewith. This is the crux of this case since the Board disapproved the transfer because it concluded the transfer site was located within 300 feet of the nursing home, but the lower court ruled, on substantially the same evidence, that the proposed licensed premises were not within 300 feet of the Mt. Saint Macrina Nursing Home or any other residences, schools or churches of the objectors.

The testimony taken in both hearings indicated that the property line of the land on which the nursing home and other buildings of protestants rested was 130 feet from the proposed transfer site. Fur-

ther, the uncontroverted testimony presented by the protestants before the Board and later before the court below showed that all of the land adjoining the restrictive institution buildings was utilized in the various activities conducted in these buildings. The appellee-applicant presented no testimony to contradict the contention of the protestants that their adjoining land was used in connection with the restrictive institution.

The closest restrictive institution building to the proposed licensed premises was located approximately 1100 feet away.

Our scope of review is limited to a determination of whether the court below abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Two Guy's Delicatessen, Inc.*, 13 Pa. Commonwealth Ct. 602, 319 A.2d 695 (1974).

The lower court may not substitute its discretion for that of the Board but may reverse the Board only if it commits a clear abuse of discretion. *Bilinsky v. Liquor Control Board*, 7 Pa. Commonwealth Ct. 312, 298 A.2d 698 (1972). The lower court may not substitute its own findings for the Board's findings where there is no significant difference between the evidence presented to the court and that presented to the agency. *Pennsylvania Liquor Control Board v. Two Guy's Delicatessen, Inc., supra.* With respect to the application of the 300-foot rule of Section 404 of the Liquor Code and the regulation found at 40 Pa. Code §3.23, the determination of reference points between which to measure the distance from a proposed licensed premises to a restrictive institution (and/or adjoining ground used in connection therewith) is one related to law and not discretion. *Board of Commissioners of Upper Darby Township v. Penn Continental Motor Inns, Inc.*, 10 Pa. Commonwealth Ct. 652, 314 A.2d 587 (1973).

18

This Court has held that the building line of the "place to be licensed" is one of the two proper reference points to measure the distance between the restrictive institution and the proposed licensed premises. *Thompson v. Pennsylvania Liquor Control Board*, 22 Pa. Commonwealth Ct. 344, 348 A.2d 916 (1975). However, the property line of the restrictive institution would be employed as the second measuring point and not the building itself where *all* of the adjoining ground (land) on which the restrictive institution sits is used in connection therewith. 40 Pa. Code §3.23(a)(1).

It is clear from reading the regulations and a review of the evidence that the reference point used by the lower court for the charitable institution was incorrect. Unrebutted testimony at both hearings indicates that activities conducted by the nursing home involved the use of all of the adjoining grounds. Therefore, the property line and not the building line of the charitable institution should have been utilized as the second measuring point. The record of both hearings (lower court and Board) clearly delineates the distance between the *building line* of the licensed premises and the *property line* of the charitable institution as being approximately 130 feet.

The court below neglected to consider the extent of the adjoining ground used in connection with the restrictive institution as mandated by the regulation of the Board, and the lower court, in so doing, ignored the uncontroverted and unrebutted testimony of the objectors. The reversal of the Board's order and granting of the transfer under such circumstances was an abuse of discretion and an error of law.

Order reversed.

## ORDER

AND Now, this 20th day of September, 1977, the order of the Court of Common Pleas of Fayette County, dated July 30, 1975, in the above captioned matter is hereby reversed, and the order of the Pennsylvania Liquor Control Board which denies Angeline Amminiti's application for transfer of restaurant liquor license is reinstated.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).