In Re: Application of Guiseppe and Antonio Barone t/a Brothers Pizza for Transfer of Retail Dispenser Eating Place License E-3485. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

In Re: Application of Guiseppe and Antonio Barone t/a Brothers Pizza for Transfer of Retail Dispenser Eating Place License E-3485. Guiseppe and Antonio Barone, t/a Brothers Pizza, Appellants.

Argued December 7, 1978, before Judges Crumlish, Jr., Mencer and Craig, sitting as a panel of three.

*Charles E. Friedman,* for Guiseppe and Antonio Barone, t/a Brothers Pizza.

*Edward S. Finkelstein,* for Cloverly Heights Church of God.

*J. Leonard Langan,* Assistant Attorney General, and *Harry Bowytz,* Chief Counsel, for Pennsylvania Liquor Control Board.

Opinion by Judge Crumlish, Jr., June 20, 1979:

Guiseppe and Antonio Barone's application for transfer of a retail dispenser eating place license was approved by the Pennsylvania Liquor Control Board (PLCB). The Cloverly Heights Church of God appealed the Board adjudication to the Dauphin County

Common Pleas Court which, after de novo hearing, reversed the Board, the subject of this appeal.

The Barones' application for transfer of a retail dispenser eating place license to their restaurant located within 300 feet of the Cloverly Heights Church of God was approved by the Board over the objection of the Church, after conclusion of testimony by the Church representatives, the applicants, and a PLCB enforcement officer as to the conditions of the premises, the tenets of the Church, and the deleterious and denigrating effect of the proposed transfer.

Our scope of review is to determine whether the court below abused its discretion or committed a clear error of law. *Thompson v. Pennsylvania Liquor Control Board*, 22 Pa. Commonwealth Ct. 344, 348 A.2d 916 (1975).

Transfers of retail dispenser eating place licenses are regulated by Section 432(d) of the Liquor Code[1] which authorizes the Board in its discretion to grant or refuse the transfer of any license to a new location if the place proposed to be licensed is within 300 feet of any church, subject to the limitation that the Board may not transfer a license to a new location when in its opinion to do so would be detrimental to the welfare, health, peace or morals of the inhabitants within a radius of 500 feet of the place to be licensed.[2]

---

[1] Section 432 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-432(d).

[2] Section 432(d) of the Code provides in pertinent part:

(d) The board shall, in its discretion, grant or refuse any new license or the transfer of any license to a new location if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board, or if such new license or transfer is applied for a place where the principal business conducted is the

Consequently, implicit in the approval of any license transfer application is a determination that the transfer will not be detrimental to the health, welfare, peace or morals of the immediately surrounding community.

Review of a Board decision approving the transfer of a retail dispenser eating place license is provided by Section 464 of the Code.[3] Under the section's terms any church located within 300 feet of the premises sought to be licensed may appeal the Board's adverse determination to the court of common pleas which shall hear the case de novo.[4] Review by the court of common pleas is not unlimited; it may not substitute its discretion for that of the Board's and may reverse only if the Board has clearly abused its discretion. Particularly, it may not substitute its own findings for those of the Board where there is

sale of liquid fuels and oil. The board shall refuse any application for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place to be licensed. . . .

[3] Section 464 of the Code, 47 P.S. §4-464.

[4] Section 464 provides in pertinent part:

Any applicant who has appeared before the board or any agent thereof at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license may appeal, or any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved by the action of the board in granting the issuance of any such license or the transfer of any such license, may take an appeal limited to the question of such grievance, . . . to the court of quarter sessions of the county in which the premises applied for is located or the county court of Allegheny County. . . . The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved. . . .

no significant difference in the evidence presented to the court and the agency. *Thompson v. Pennsylvania Liquor Control Board*, 22 Pa. Commonwealth Ct. 344, 348 A.2d 916 (1975); *Pennsylvania Liquor Control Board v. Two Guy's Delicatessen, Inc.*, 13 Pa. Commonwealth Ct. 602, 319 A.2d 695 (1975).

The trial court found that the PLCB had not abused its discretion but reversed the adjudication on the basis of new evidence. The question on review is whether the facts elicited by the court de novo are of sufficient magnitude to compel the conclusion that the PLCB erred in finding that the transfer would not harm the community and to permit the court to conclude, as a matter of law, that considering the newly proffered evidence the Board had abused its discretion.

After review of the full record, we reluctantly disagree with the trial court.

The Church established only three new facts:[5]

---

[5] At the de novo hearing before Judge WILLIAM W. LIPSITT the Cloverly Heights Church of God also presented evidence which established:

    (1) That the Church was within 300 feet of the premises proposed to be licensed.

    (2) That the Church observed a position of temperance.

    (3) That the Church's activities were not confined to Sunday.

    (4) That the premises to be licensed were visible from the Church.

    (5) That there was litter on and surrounding the premises proposed to be licensed.

    (6) That residents within 500 feet of the premises proposed to be licensed objected to the transfer.

Review of the record indicates that the major part of this evidence did not differ in a significant respect from that before the Board and could not, therefore, be a basis for reversal. Further, the evidence of resident discontentment was hearsay, properly objected to at trial and therefore also insufficient evidence to support a reversal.

1. That the premises proposed to be licensed are located in an area of heavy automobile traffic.

2. That the Barones had offered to make a "donation" to the Church in exchange for its dropping its objections to the license transfer.

3. That there had been two (2) incidents of fighting on the premises; one between the proprietors, the Barone brothers, and another involving one of the Barones and a patron. Knives allegedly were thrown during each argument but no criminal convictions resulted.

Evidence of a hazardous traffic condition does not prove that the transfer of a license permitting the sale of malt liquors to the location will be adverse to the public welfare nor does one or two incidents of rowdy behavior prove immoral and untrustworthy character when, as here:

a. There is no substantial evidence establishing a correlation between the sale of malt beverages and increased traffic problems.

b. There is no finding, either implicit or explicit, in the court's opinion that the Barones were of bad moral character or that they individually or collectively constitute a threat to the community.

c. To the contrary, the record reveals that the court found the applicants to be of good moral character.

d. The PLCB hearing transcript establishes to our satisfaction that a thorough and complete investigation was conducted by the Board relative to the impact of the license upon the community, the applicants' past compliance with the health and other state code regulations, their knowledge of rules restricting the sale of malt beverages and the applicants' intention to comply with these proscriptions.

452

Accordingly, we

ORDER

AND Now, this 20th day of June, 1979, the order of the Court of Common Pleas of Dauphin County sustaining the appeal of the Cloverly Heights Church of God and denying the transfer of the retail dispenser eating place license to the premises of Guiseppe and Antonio Barone is vacated. The order of the Pennsylvania Liquor Control Board dated April 20, 1977, approving the transfer of the retail dispenser eating place license is reinstated.