## Klementovich v. Liquor Control Board

*William S. Kieser,* for petitioners.
*Sidney A. Simon,* for Board.
*T. Max Hall,* for respondents.

BROWN, *J., Specially Presiding,* April 8, 1980—

## FINDINGS OF FACT

(1) On August 7, 1978 the Pennsylvania Liquor Control Board approved the transfer of a restaurant liquor license from Bruno Mack and Carmen Mack to Mary Ann Churba and Raymond C. Walters, Jr. which action also included transferring the situs of the license from 761 West Fourth Street, Williamsport, Pa., to 2868 Reach Road, Williamsport, Pa.

(2) The Reach Road location is owned by Ronald R. Churba and Mary Ann Churba, his wife, and Raymond C. Walters, Jr. and Patricia Ann Walters, his wife, and is being leased to the licensees. The licensed premises is a building formerly used for residential purposes. The establishment will seat between 60 and 65 patrons and has on premises parking to accommodate 46 vehicles.

(3) The Reach Road location is in an area that is zoned for light manufacturing.

(4) The neighborhood within 500 feet of the Reach Road location is approximately 70 percent residential and 30 percent industrial.

(5) Reach Road is a narrow two lane road without sidewalks or curbs. It is heavily traveled by ve-

hicular traffic (including trucks) incidental to the industrial concerns in the area as well as to the United States Post Office for Williamsport which is located in the area. The road is also used by school age children both as pedestrians and as bicycle riders.

(6) The Lycoming County SPCA owns real estate both within 500 feet and 300 feet of the licensed premises. However, that part of its property which is used for its charitable purposes is beyond 300 feet of the licensed premises.

(7) The residential units within 500 feet of the licensed premises consist of twelve households containing a number of school age children and several elderly persons in poor health. Ten of these households have expressed strong opposition to the transfer of the liquor license. The school age children use Reach Road in waiting for school buses and also when playing in their neighborhood and would be able to observe the licensed premises during these activities.

## DISCUSSION AND CONCLUSIONS OF LAW

While the present proceedings constitute a de novo review of the board's approval of the liquor license transfer, the scope of that review is somewhat circumscribed: Liquor Code of April 12, 1951, P.L. 90, 47 P.S. §4-464. As recently reiterated in Application of Barone, 43 Pa. Commonwealth Ct. 446, 449, 403 A. 2d 148, 149 (1979):

"Review by the court of common pleas is not unlimited; it may not substitute its discretion for that of the Board's and may reverse only if the Board has clearly abused its discretion. Particularly, it may not substitute its own findings for those of the Board where there is no significant difference in

the evidence presented to the court and the agency."

Appellants' primary objection to the board's approval of the transfer relates to alleged detriment to the welfare, health, peace and morals of the neighborhood within a radius of 500 feet of the premises. The arguments in support of such detriment include the following:

(1) Exposure of neighborhood children to the licensed premises.

(2) Increased traffic problems in general and increased traffic hazards in particular resulting from drivers' consuming intoxicants at the licensed premises.

(3) The poor health of several of the residents within 500 feet of the premises.

(4) The concentration of residences within 500 feet of the premises.

A voluminous record has been made in support of the above arguments. However, for the most part the same evidence was presented to the board in less detail. Consequently, the court is not permitted to substitute its own findings for those of the board. This leaves the court with the task of determining whether the board clearly abused its discretion in approving the transfer.

The well-being of neighborhood children and traffic congestion are certainly matters which must be evaluated in reviewing the board's decision. While it is arguable that a licensed premises will work some detriment as to these factors, it is also arguable that there will be no significant detriment as a result of the operation of the premises. The same observation can be made as to the health of affected residences. In this context, the court cannot find that the board's exercise of judgment in

approving the transfer was manifestly unreasonable. Thus, a finding that there has been a clear abuse of discretion is not appropriate.

With regard to potential hazards with the drinking driver, appellants did present expert testimony to the effect that the licensed premises being in close proximity to various industrial concerns would attract employes of such concerns as they were leaving work, and that such people were peculiarly susceptible to intoxication and driving under the influence. While this is an interesting theory, it is in reality a mere opinion which the court does not accept as a fact. To the contrary, the court's judicial experience with driving under the influence offenders would suggest that this category of imbiber is not frequently before the court.

Another area of additional evidence presented by appellants was expert testimony as to the diminution of residential property values attributable to the operation of the licensed premises. Again, this is opinion evidence which the court has rejected. In so doing, it should be noted that residential property values in the area have no doubt been decimated over the years as a result of the impact of the location of a limited access highway (U.S. Route 220) almost immediately adjacent to most of the affected residences as well as the gradual commercialization of the area in recent years. Such occurrences have no doubt lowered the value of neighborhood properties as residences, and it is doubtful that the licensed premises will occasion any further significant erosion of residential property values.

During the course of these proceedings, appellants have attempted to introduce evidence of how the licensed premises were operated subsequent to the transfer of the license. After a consideration of the applicable statutory law defining the nature

and scope of judicial review as it pertains to the present appeal, this evidence was held to be inadmissible.

The purpose of the offered evidence was to establish that the actual operation of the licensed premises was detrimental to the neighborhood. In reviewing section 404, the following provision stands out: "[T]he board shall refuse . . . the transfer of any license to a new location if, in the board's opinion, *such . . . transfer would be detrimental* to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed . . . ." (Emphasis supplied.)

As a matter of statutory construction, the use of the phrase "would be detrimental" clearly contemplates a prospective judgment as to the effect of the licensed transfer on the neighborhood, rather than a retrospective or hindsight judgment based upon actual occurrences at the licensed site. It could be argued that the offered evidence, if it established actual detriment to the neighborhood, would be the better test with regard to the welfare of the neighborhood. However, the legislature has not opted for this approach. While the court is permitted to consider additional evidence other than that presented before the board, such evidence should be restricted to facts that were in existence at the time the original proceedings were conducted before the board, since the board could not have considered facts that occurred after those proceedings. No case law has been found on this subject since the present appeal is somewhat unique in that it has been taken without obtaining a supersedeas as to the transfer of the licensed premises.

In addition to their detriment to the neighborhood argument, appellants have also questioned the

thoroughness of the investigation by the Liquor Control Board. In view of the de novo nature of these proceedings, the court feels that this is not a matter for judicial inquiry since any shortcomings in that investigation can be presented by the appellants to the court, and if warranted, the administrative action approving the transfer can be reversed.

In particular, appellants seem to be contending that the husband of Mary Ann Churba, Ronald Churba, should have been investigated more thoroughly. This contention seems to arise from appellants' position that Mr. Churba has some interest in the premises which has not been disclosed to the board. While it is true that he is one of the owners of the premises where the license is located, there is no evidence to permit the court to find that he is in fact financially interested in the license and it would not appear that current law requires the board to investigate him unless he is in fact a person who has a financial interest in the operation of the premises.

Appellants have also questioned the adequacy of the board's investigation with regard to the objections filed by the appellants. Again, in view of the fact that appellants now have the opportunity to present those objections, any shortcomings in the board's investigation do not require a judicial reversal of the board's administrative action.

In similar fashion it has been argued that the board's investigation of the licensees' character was not conducted thoroughly. The evidence before the court does not support this contention and the appellants have not produced any evidence which would suggest to the court that the character of the licensees is of such a negative nature as to legally prohibit their status as licensees.

In summary, it can be observed that appellants

are in vigorous opposition to the transfer and these proceedings have been conducted against the background of strong feelings and emotions. Without question the appellants subjectively believe that the transfer is detrimental to the neighborhood. However, the court is required to take an objective approach in deciding the appeal, and in this context it is the court's judgment that valid arguments can be made both for and against the transfer. Under these circumstances, it is impossible to conclude that the board has abused its discretion. While the court may not agree with the transfer, it may not substitute its judgment for that of the board absent such a clear abuse of discretion.

Numerous cases have been cited on behalf of appellants and these cases have been thoroughly reviewed. However, none of them are factually apposite to the present case and therefore have no control on its outcome. As has been pointed out in a number of cases, the legislature has established the principle that a licensed establishment is not ordinarily detrimental to the welfare, health, peace and morals of the inhabitants of a neighborhood. The evidence presented on behalf of appellants, while forceful, has not rebutted or overcome this principle.

## ORDER

And now, April 8, 1980, based upon the foregoing opinion, it is hereby ordered that the within appeal be dismissed and the requested relief denied.