510 A.2d 930

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Romet Corporation, Appellee.

Submitted on briefs May 13, 1986, to Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Faith S. Diehl,* Assistant Counsel, with her, *Gary F. Di Vito,* Chief Counsel, for appellant.

*David M. Kozloff, Kozloff, Diener, Payne & Fegley,* for appellee.

OPINION BY JUDGE CRAIG, June 16, 1986:

The Pennsylvania Liquor Control Board appeals an order of the Court of Common Pleas of Berks County which reversed the board's denial of an application from Romet Corporation, trading as Pizza Hut, for a resort area liquor license.

Pizza Hut applied to the board under the "resort area" provision in section 416(b) of the Liquor Code[1] for a new retail dispenser eating place license and provisional Sunday sales permit for its premises located in Caernarvon Township, Berks County. After conducting a hearing on the matter, the board denied Pizza Hut's application. On appeal, the court of common pleas took additional evidence, reversed the board and granted Pizza Hut a resort area license.

Our scope of review is limited to whether the trial court committed an error of law or abused its discretion. *Park v. Pennsylvania Liquor Control Board,* 44 Pa. Commonwealth Ct. 87, 403 A.2d 628 (1979). Here the board contends that the trial court (1) erred as a matter of law in allowing the license because the building entrance is within 300 feet of the entrance to Interstate 176, a limited access interstate highway; and (2) abused its discretion by concluding that the licensed premises is within a resort area and that a need for the license exists within the area.

Because we agree that the trial court erred by licensing the premises despite the nearness of its build-

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461.

ing entrance to an interstate limited access highway, we must reverse.

Section 475(a) of the Liquor Code, 47 P.S. §4-475(a), reads as follows:

> (a) No license for the sale of liquor or malt or brewed beverages in any quantity shall be granted to the proprietor, lessee, keeper or manager of an establishment the building entrance to which is located within three hundred feet of the entrance or exit of an interstate limited access highway.

In the present case, the trial court's Finding of Fact No. 13 states that the building entrance of the proposed licensed premises is within 240 feet of the entrance to Interstate 176. However, in reversing the board's denial of the license, the trial judge's opinion expressed inability "to discern any prohibitive effect to the fact that the proposed licensed premises is located within 300 feet of a limited access divided highway."

Because 47 P.S. §4-475(a) absolutely forbids licensing a premises having a building entrance located within 300 feet of the entrance or exit of an interstate limited access highway, the prohibitive effect of the proposed licensed premises' proximity to the entrance to Interstate 176 appears to be inescapable.

Consistent with the trial court's finding, a drawing attached to the board's Exhibit No. 2 clearly shows the distance from the building entrance of the proposed licensed premises to the entrance of Interstate 176 to be 240 feet as the trial court found. Furthermore, the board enforcement officer confirmed that fact in his testimony. Consequently, we cannot agree with Pizza Hut's contention that the record lacks proof that the distance from the building entrance to the highway entrance ramp is less than 300 feet.

By following the path an automobile would take from the building entrance of the proposed licensed premises to the entrance of Interstate 176, the distance would be 480 feet. However, by analogy to cases involving discretionary distance restrictions under the Code, the proper method of measuring such distances is by a straight line between the two points, which in this case yields the distance of 240 feet. *See Amminiti v. Pennsylvania Liquor Control Board,* 32 Pa. Commonwealth Ct. 13, 377 A.2d 1042 (1977).

Accordingly, we must reverse the decision of the trial court.

ORDER

Now, June 16, 1986, the order of the Court of Common Pleas of Berks County, dated August 12, 1985, is reversed, and the order of the Pennsylvania Liquor Control Board, which denies Romet Corporation's application for a liquor license is reinstated.