## Chukker Valley Golf Club, Inc., Appellant, *v.* Commonwealth of Pennsylvania Liquor Control Board, Appellee.

Argued April 4, 1975, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Harry J. J. Bellwoar, III,* with him *Bellwoar, Rich & Mankas,* for appellant.

*Albert B. Miller,* Special Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 17, 1975:

This is an appeal from the Court of Common Pleas of Montgomery County which affirmed the Liquor Control Board (Board) adjudication rejecting the application of the Chukker Valley Golf Club, Inc. (applicant) for a restaurant liquor license.

This case involves the question of whether or not the applicant is entitled to such a license under the pro-

visions of subsection 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b). This subsection permits the Board to increase the number of licenses in a municipality beyond the quota established in the preceding subsection, and provides as follows: "The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the Board is located within a resort area."

After a hearing held before an examiner on January 9, 1974, the Board issued an opinion in which it refused to grant a license to the applicant listing three reasons for its decision:

"1. As provided by law, New Hanover Township Montgomery County has a quota of two retail licenses and there are presently two restaurant liquor licenses in effect which are counted against the quota. Accordingly, the quota of retail licenses in the township is filled. There are also one hotel liquor license and one club liquor license in effect which, under the law, are not counted against the quota.

"2. The premises proposed to be licensed are not located in a resort area within the meaning of the Liquor Code.

"3. There is no evidence whatsoever of any necessity for an additional restaurant liquor license in New Hanover Township, Montgomery County."

Our scope of review here is limited, of course, because the discretion to determine whether or not a municipality is located within a resort area is vested in the Board by the express language of the Liquor Code and there must be a clear abuse of administrative discretion before our courts are authorized to set aside the Board's action. *Bierman Liquor License Case,* 188 Pa. Superior Ct. 200, 145 A.2d 876 (1958).

The applicant's argument that it is located within a resort area is primarily based upon the evidence which

it presented before the examiner to the effect that approximately ten parks which afford various recreational activities are located within a thirty-mile radius of the applicant's site, although only four of these parks are located within ten miles of the site. In addition, two amusement parks and two race tracks are within 32 miles. Such evidence, in our opinion, does not establish the existence of a "resort area" within the meaning of the Liquor Code. The purpose for the exception to the quota rule for "resort areas" was to render an equitable distribution of licenses in areas where, during certain seasons, the *population* is increased to such an extent that the usual number of licenses would not be adequate to serve the people. *Willowbrook Country Club, Inc. Liquor License Case,* 409 Pa. 370, 187 A.2d 154 (1962); *Riviera Country Club Liquor License Case,* 201 Pa. Superior Ct. 70, 191 A.2d 725 (1963). Clearly the mere fact that there are heavily used recreational facilities in the general vicinity of the applicant cannot in itself establish such a seasonal population increase. It may well be in fact that the parks and recreational facilities are used primarily by the very people who live in the area. The areas of concern to the legislature were those where the seasonal influx of a large number of temporary inhabitants would require the presence of additional accommodations for this transient population. *Bierman, supra.* As was well stated by our Superior Court in *Andes Grove Rod and Gun Club Liquor License Case,* 201 Pa. Superior Ct. 21, 190 A.2d 355 (1963) : "The mere fact that the neighborhood affords opportunities for fishing, boating and swimming does not of itself make it a resort area as that phrase is used in the statute." Our Commonwealth contains numerous parks affording such opportunities within its boundaries, and it would be clearly stretching the legislative intent for us to conclude that every area containing such parks should be labeled as a "resort area." We approve the

lower court's apt conclusion: "From the listing of recreational facilities it claims are in the same vicinity as its premises, appellant would have us believe all of Montgomery County is a resort area, an idea which is patently ridiculous."

Our affirmance of the Board's finding that the applicant's premises are not located within a resort area makes it unnecessary for us to consider whether or not the Board properly found that there was no necessity for an additional liquor license.

The lower court is, therefore, affirmed.