In the Matter of Revocation of Club Liquor License No. C-712, Issued to: Tadeusza Kosciuszki, 609 Bedford Street, Portage, Pennsylvania 15946. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued November 3, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, for appellant.

*Bionaz, Raptosh & McGlynn,* for appellee.

OPINION BY JUDGE CRAIG, February 13, 1979:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Cambria County, dated January 26, 1978, sustaining the appeal of Tadeusza Kosciuszki (licensee) from the Board's July 28, 1977 order imposing a $400 fine on his Club Liquor License No. C-712.

On April 19, 1977, the Board issued a citation to licensee, charging violations of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 *et seq.,* (Code), and regulations adopted by the Board. The citation alleged that (1) licensee sold liquor and/or malt or brewed beverages to non-members of the organization on March 6, 13, and 20, 1977; (2) persons were admitted to membership in the organization in violation of the procedures set out in Section 102 of the Code, 47 P.S. §1-102; (3) malt and/or brewed beverages were sold at the licensed premises for consumption off premises; and (4) licensee failed to maintain records in conformity with the requirements of Title 40 Pa. Code §§571-574.

The Board held a hearing on the citation on June 9, 1977, at which the enforcement officer for the Board testified and evidence of the past disciplinary record of the licensee, including seven prior citations, was presented. The Board found that the evidence established all four allegations and ordered the licensee fined $400.

On appeal, the Court of Common Pleas took no additional evidence, and the transcript from the Board hearing was made part of the de novo proceeding. The lower court simply re-evaluated the evidence and held it was inadequate to support the Board's findings.

Our scope of review is limited to a determination of whether or not the Board's order was supported by sufficient evidence and whether or not the lower court abused its discretion or committed an error of law. *DiMarco v. Pennsylvania Liquor Control Board,* 36 Pa. Commonwealth Ct. 338, 387 A.2d 1328, 1330 (1978).

Where there has been no new evidence presented to the court below, we have held that a court abuses its discretion by substituting its own findings for those of the Board's. *Pennsylvania Liquor Control Board v. Two Guy's Delicatessen, Inc.,* 13 Pa. Commonwealth Ct. 602, 606, 319 A.2d 695, 697 (1974).

After a careful reading of the transcript, we find that the court below disregarded competent evidence of the licensee's violations. Therefore, we hold that the court below abused its discretion, and we reverse the decision.

ORDER

AND Now, this 13th day of February, 1979, the order of the Court of Common Pleas, Cambria County (Misc. No. 91-1977) is reversed, and the order of the Pennsylvania Liquor Control Board, dated July 28, 1977, is reinstated.