Nancy Lee Parks, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued December 8, 1978, before Judges Rogers, DiSalle and Craig, sitting as a panel of three.

*Roger M. Simon,* with him *Richard B. Lane,* and *Lane & Simon,* for appellant.

*Mark Stephen Syrnick,* Assistant Attorney General, with him *James P. Deeley,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRAIG, July 6, 1979:

This is an appeal by Nancy Lee Parks (applicant) from an order of the Court of Common Pleas of Lycoming County affirming the denial by the Pennsylvania Liquor Control Board (Board) of an application for a hotel liquor license. We reverse.

The issuance of hotel liquor licenses is controlled by Section 404 of the Liquor Code, 47 P.S. §4-404 (Code).[1] To determine whether to grant the license,

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* which states in relevant part:

. . . and upon being satisfied of the truth of the statements in the application that the applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed and that no other person will be in any manner pecuniarily interested therein during the continuance of the license, except as hereinafter permitted, and that the applicant is a person of good repute . . . , and that the issuance of such license is not prohibited by any of the provisions of this act, the board shall, in the case of a hotel

the Board held a hearing on April 15, 1977, at which a Board investigator, a township road official, applicant, her husband, and an objector, who lived within 500 feet of the proposed hotel, were the witnesses.

At the conclusion of the hearing, the hearing examiner recommended that the application be granted. However, the Board refused the application, with findings addressed to the applicant, as follows:

> 1. It has not been established that you will be the sole owner of the business proposed to be licensed, it being evident that your husband, Jack Sterling Parks, who is not a responsible person of good reputation, will also have a pecuniary interest therein.

> 2. The granting of this license would adversely affect the welfare, health, peace and morals of the neighborhood within a radius of 500 feet.

Applicant appealed to the lower court from the Board's determination, which affirmed the Board's action only on the basis of its second finding, while ruling that the Board's finding that applicant's husband would have a pecuniary interest was an abuse of discretion by the Board.

Under Section 464 of the Code, 47 P.S. §4-464, the Court of Common Pleas is the forum for appeal. The lower court may not substitute its discretion for that of the Board, but may reverse only if the Board com-

---

or restaurant, grant and issue to the applicant a liquor license. . . . And provided further, That *the board shall refuse any application* for a new license or the transfer of any license to a new location *if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed.* . . . (Emphasis supplied.)

mitted a clear abuse of discretion. *Thompson v. Pennsylvania Liquor Control Board,* 22 Pa. Commonwealth Ct. 344, 348 A.2d 916 (1975).

Our scope of review is limited to a determination of whether or not the Board's order is supported by sufficient evidence and whether or not the lower court committed an error of law or abused its discretion. *Kosciuszki v. Pennsylvania Liquor Control Board,* 40 Pa. Commonwealth Ct. 407, 397 A.2d 493 (1979). A careful reading of the record leads us to the conclusion that both the Board and the lower court abused their discretion in refusing to grant applicant her liquor license.

We agree with the lower court that the only testimony presented to the Board with respect to the ownership of the business itself was that the applicant would be the sole owner. Applicant purchased the property in her own name. There was absolutely no evidence in the record to substantiate the Board's finding that applicant's husband would also have a pecuniary interest in the business. Therefore, the first finding of the Board cannot be sustained.

We further agree with the lower court that the real issue is whether the Board's finding that the license would adversely affect the welfare, health, peace and morals of the neighborhood within 500 feet, as authorized by Section 404 of the Code, was an abuse of discretion.

The testimony offered to show detriment to the surrounding neighborhood came from two witnesses. The first was a road official of the township in which the proposed hotel is located, responsible for maintenance of township roads. The second witness was a representative of the only family within 500 feet of the proposed hotel, who lived in a house approximately 150 to 200 feet from the hotel site with his wife and twenty-year old son.

The basis of the protest, other than the objecting homeowner's disapproval of alcohol, centered on potential damage to the dirt road leading into the premises which would be caused by the increased traffic on that road. As we said in *Paxon Maymar, Inc. v. Pennsylvania Liquor Control Board,* 11 Pa. Commonwealth Ct. 136, 139, 312 A.2d 115, 117 (1973):

> [T]he legislature established the principle that a licensed establishment is not ordinarily detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood, but only when the nature of the neighborhood and the nature of the place to be licensed are such that the issuance would be detrimental. The board could not, as the court below feared, refuse all licenses in neighborhoods with inhabitants within 500 feet of the place proposed to be licensed.

In the present case, we are faced with a situation where the area in which applicant wishes to locate is unzoned, and there is only one family, with no minor children, within 500 feet of the proposed premises. The complaints by the objectors were concerned primarily with the effects of increased traffic on the dirt road, such as deterioration, dust and noise.

The specific alleged detriment dealt with the potential presence of intoxicated drivers. However, as we said in *Paxon Maymar, supra,* there is no legal correlation between the availability of alcoholic beverages and dangerous driving per se, and the evidence in the record is insufficient to show any such correlation.

In reaching our decision, we cannot ignore the fact that this same premises held restaurant liquor licenses almost continuously from 1938 to 1975. There was no evidence offered to show the existence during that period of any dangerous or detrimental effects of the operation of the premises.

Therefore, we hold that, under the facts of this case, the Board and the lower court abused their discretion in refusing the application for a hotel liquor license.

However, at the time of the hearing applicant had not submitted final plans for the conversion of her property into a hotel, which plans the Board must approve, as required by Section 403 of the Code, 47 P.S. §4-403. Therefore, we remand this case to the Board so that applicant can submit those plans for the Board's approval, before the issuance of applicant's hotel liquor license.

ORDER

AND Now, this 6th day of July, 1979, the order of the Court of Common Pleas of Lycoming County, No. 77-2248, dated August 3, 1977, is reversed, and the case is remanded to the Pennsylvania Liquor Control Board for action consistent with this opinion.