Appeal of: E-J Westside Inn Corp. E-J Westside Inn Corp., Appellant.

Submitted on briefs June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Abraham J. Levinson,* for appellant.

*J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, August 13, 1982:

E. J. Westside Inn Corporation (Westside) has appealed from a decision of the Court of Common Pleas of Philadelphia County which affirmed an order of the Pennsylvania Liquor Control Board (Board) revoking Westside's Hotel Liquor License and Amusement Permit and revoking its bonds. We now affirm.

The crucial issue in this appeal is whether any other person, to wit one Pauline Ward, was *"in any manner* pecuniarily interested" (emphasis added) in Westside's licensed business.[1] There appears to be no disagreement with the trial court's findings regarding Ms. Ward's involvement with Westside's licensed premises. Ms. Ward sought to purchase the business from Westside's primary owner, Mr. Elijah Jackson. Prior to purchasing the business, Ms. Ward entered into a "trial period" during which time she would operate the business in order to evaluate its desirability. Pursuant to this arrangement, Ms. Ward took over the daily operation of the business. She had complete control over the hiring and firing of employees, paid the employees their wages, paid utility bills, purchased all of the beer and liquor for the business with Westside's purchase permit card

---

[1] Sections 404 and 436 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§4-404, 436(f). If the findings support a conclusion that Ms. Ward was pecuniarily interested in the business, then the first three violations in the Board's citation will have been proven. Westside has not challenged either the fourth or fifth averments of the citation, illegal Sunday sales and gambling.

and controlled the daily receipts. Mr. Jackson appeared on the premises only once a week to pick up $600 from Ms. Ward, which Ms. Ward understood to be partly in payment for rent *and* partly for the purchase of the business.

Westside contends that the preceding findings do not support a legal conclusion of pecuniary interest by Ms. Ward. Westside argues that pecuniary interest, which is not defined under the Liquor Code, requires a finding that Ms. Ward acquired a "proprietary interest" in the business, citing *Appeal of Employees' Home Association of Harrisburg,* 50 Dauphin 108, 111 (1941). Westside contends that no matter how extensive the degree of control given to a prospective buyer during a trial period, there can be no proprietary interest, and thus no pecuniary interest, except when concluded by a conveyance of title. With this proposition, we cannot agree.

Our research discloses very little appellate law concerning what is an impermissible "pecuniary interest." At one extreme, a person does *not* have a pecuniary interest in a business merely by being an owner's spouse. *Parks v. Pennsylvania Liquor Control Board,* 44 Pa. Commonwealth Ct. 87, 403 A.2d 628 (1979). At the other extreme, a person *is* pecuniarily interested where the evidence fails to disclose any ownership rights in the business by the purported licensee. *In re Mark,* 115 Pa. Superior Ct. 256, 176 A. 254 (1934). A mere prospective ownership interest, with no authority to hire or fire nor any interest in the profits, has been held insufficient to show a pecuniary interest. *In re Berarducci,* 195 Pa. Superior Ct. 524, 171 A.2d 572 (1961). But a lessee of the licensed premises who assumed liability for the operation of the business, owned the liquor stock, made all purchases, paid all bills and participated with the licensee in the profits is pecuniarily

interested. *Appeal of Andracchio,* 160 Pa. Superior Ct. 74, 49 A.2d 843 (1946).

None of the above cases provide a workable definition of what is "pecuniarily interested" for purposes of the Liquor Code. However, in view of the fact that the Liquor Code is to be construed liberally for the protection of the public welfare, health, peace and morals of the citizens of this Commonwealth, *Pennsylvania Liquor Control Board v. Starr,* 13 Pa. Commonwealth Ct. 415, 318 A.2d 763 (1974), *aff'd.* 462 Pa. 124, 337 A.2d 914 (1975), we do not believe that the phrase "pecuniarily interested" was intended by the Legislature to mean only an interest gained through actual conveyance of title or the execution of a binding agreement of sale or lease. Rather, where, as here, Ms. Ward's interest *"sounds in the attributes of proprietorship," DeMichaelis License,* 65 D. & C. 92, 94 (1948) (emphasis added),[2] that is, where a party other than the licensee has not only participated in the profits but has exercised substantially all right to control the business, such an arrangement gives to that party at least a pecuniary interest in the business in some manner.[3]

In conclusion, we find substantial evidence in the record to support the facts found by the trial court and we hold that the trial court committed no error of law when it concluded from those facts that Pauline Ward had a pecuniary interest in the licensee's business during the period in question.

Order affirmed.

---

[2] We need not now decide whether an interest which does not have proprietorship attributes may still be an impermissible "pecuniary interest."

[3] Ms. Ward's involvement in the business is quite similar to the prohibited lease arrangement in *Andracchio;* we do not believe that the present case should be distinguished on the basis of a mere absence of a written lease.

ORDER

The order of the Court of Common Pleas of Philadelphia County, No. 80-122424, dated July 13, 1981, is hereby affirmed.