In Re: Dennis J. Giannilli and Louis J. Lotto, Gino's Pizza Palace etc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued February 2, 1984, before Judges Mac-Phail, Palladino and Blatt, sitting as a panel of three.

*Felix Thau*, Associate Counsel, with him *Patrick M. McHugh*, Deputy Chief Counsel, and *Gary F. DiVito*, Chief Counsel, for appellant.

*Gregory T. Nichols*, for appellees.

Opinion by Judge MacPhail, April 27, 1984:

The Pennsylvania Liquor Control Board (PLCB) has appealed from an order of the Court of Common Pleas of Westmoreland County which reversed the PLCB's denial of a restaurant liquor license application filed by Dennis J. Giannilli and Louis J. Lotto, t/a Gino's Pizza Palace (Applicants).

The subject of the liquor license application is an existing fast-food restaurant located on Route 119 in the Borough of South Greensburg. Since the Borough's quota of one license for the retail sale of alcoholic beverages has already been exceeded,[1] Applicants sought to employ the "resort area" excep-

---

[1] At the time the application was filed, five restaurant/liquor licenses were counted against the quota. In addition, there were three club liquor licenses and one hotel liquor license.

tion to obtain their license. *See* Section 461(b) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461. Following a hearing, the PLCB denied the application based on its findings that the restaurant is not located in a resort area and that the need for an additional restaurant liquor license in the Borough had not been established.

On appeal, the court of common pleas conducted a hearing *de novo* pursuant to Section 464 of the Code, 47 P.S. §4-464. In its decision the court noted evidence that the subject restaurant is strategically located along a major traffic artery through the Laurel Highlands, a highly promoted area for tourism which includes all of Westmoreland County. The court also noted that municipalities surrounding the Borough of South Greensburg had previously been found to constitute resort areas and that to deny the Borough such status would create an isolated island surrounded by declared resort areas. The court, accordingly, found that the Borough is a resort area.

Regarding the issue of necessity, the court found that the Applicants' restaurant fulfills a need different from other licensed establishments in the Borough which are more formal and expensive. The court also focused on the fact that no similar establishments exist along Route 119 between Greensburg and New Stanton and that such a licensed facility is needed along that major thoroughfare. The court concluded that necessity had been demonstrated and ordered that the license be granted. The instant appeal followed.

Our scope of review is limited to a determination of whether the trial court committed an error of law or abuse of discretion and whether or not the PLCB's order is supported by sufficient evidence. *Parks v.*

*Pennsylvania Liquor Control Board,* 44 Pa. Commonwealth Ct. 87, 403 A.2d 628 (1979). The discretion to determine whether a municipality is located within a resort area is clearly vested in the PLCB by Section 461(b) of the Code. In order for the PLCB's decision to be set aside by the courts, there must be a clear abuse of administrative discretion. *Chukker Valley Golf Club v. Pennsylvania Liquor Control Board,* 20 Pa. Commonwealth Ct. 321, 341 A.2d 212 (1975).

In a case of this nature the Applicants bear the burden of proving both that the premises sought to be licensed are in a resort area and that there is an actual need for the license in that area. *Appeal of Brandywine Valley Inn, Inc.,* 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980). We need not address the issue of whether the Borough is located within a resort area in the instant case, however, since even assuming the existence of a resort area we conclude that Applicants have not adequately established actual need for the additional license.

Factors to be considered in ruling on the issue of necessity include the needs of the persons using the facility and the need *of the area* for an additional license. *Petition of Springdale Sportmen's Association,* 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975). The number and type of existing licensees must be analyzed and it must be determined whether the clientele to be served by the proposed licensee is different from that served by existing establishments. *Brandywine Valley Inn, Inc.*

While the PLCB concedes that the record supports a finding that many of the customers of Applicants' restaurant would find it convenient if the restaurant were licensed to sell liquor, we do not think that mere convenience to the restaurant's clien-

146

tele is controlling on the issue of necessity. Instead, there must be evidence that the existing licensees are unable to adequately supply the needs of those frequenting the area. *Willowbrook Country Club, Inc. Liquor License Case,* 409 Pa. 370, 187 A.2d 154 (1962).

From our review of the record, we conclude that Applicants have proven, at most, that there is a need for a licensed fast-food facility *along Route 119* due to the high volume of traffic along that thoroughfare. We are aware of no authority, however, to support the proposition that the need for a licensed facility on a particular highway may be viewed in isolation from the surrounding geographical area. Moreover, we have found inadequate record evidence that licensees *in the area* of the subject restaurant are unable to meet the needs of the public. Of the five existing licensees in the Borough, Applicants provided no information as to one, indicated that two others were more formal and expensive restaurants and that the remaining two were nearby taverns with minimal food service. Applicants conceded, however, that they are contiguous to Hempfield Township, which the record indicates has a number of licensed Italian eating establishments. In addition, there apparently are three licensed Pizza Huts in the vicinity. This evidence raised serious doubts as to whether Applicants would be serving a clientele different from that served by existing licensees in the general area and which cannot be adequately served by the present licensees.

We, therefore, conclude that the order of the PLCB was supported by sufficient evidence, that the trial court erroneously substituted its discretion for that of the PLCB and that Applicants have failed to establish the requisite need for an additional liquor license in the Borough of South Greensburg. We accordingly, will reverse the order of the trial court and reinstate the PLCB's decision.

## ORDER

The order of the Court of Common Pleas of Westmoreland County, No. 80 Civil of 1982, dated November 24, 1982, is hereby reversed and the order of the Pennsylvania Liquor Control Board, dated August 25, 1982, is reinstated.