Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Paul Bankovich, Appellee.

Argued November 12, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, for appellant.

*Frank J. Aritz,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, January 7, 1986:
The Pennsylvania Liquor Control Board (LCB) appeals here from an order of the Court of Common

Pleas of Luzerne County which reversed the LCB's denial of a restaurant liquor license requested by Paul Bankovich. We reverse.

The record before us contains the following facts which are pertinent. Bankovich desired to open a seafood speciality house in Dallas Borough which would serve only crabs. On December 18, 1983 he applied for a restaurant liquor license for his proposed crab house. The liquor license quota for Dallas Borough is one and there are currently five restaurant liquor licenses in effect which are counted against this quota. Bankovich applied for his restaurant liquor license pursuant to the resort area exception specified in Section 461(b) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b). This provision empowers the LCB to increase the number of licenses in any municipality which, in the opinion of the LCB, is located in a resort area. After a hearing, the LCB denied Bankovich's request making the following findings of fact:

1. The quota for Dallas, Luzerne County is 1 and there are 5 restaurant liquor licenses in effect counted against this quota. There is also 1 catering club liquor license in effect which is not counted against the quota.

2. The Board is not satisfied that the establishment proposed to be licensed is located in a resort area.

3. There is no evidence of necessity for an additional restaurant liquor license in Dallas, Luzerne County.

Bankovich appealed the denial to Luzerne County Common Pleas Court. After a de novo review of the LCB's decision, the common pleas court reversed. In its decision, the common pleas court noted that the proposed establishment is in the "environs" of a resort area, that it is "unique" with no comparable eating estab-

lishment in the area, and concluded that there is a necessity for a new additional eating place of that nature in the area. The present appeal followed.

In this appeal, the LCB contends that the common pleas court erred in finding that Bankovich's establishment was in the "environs" of a resort area and that there is insufficient evidence to support the granting of a restaurant liquor license to Bankovich. Our scope of review, where the common pleas court has heard the matter de novo, is limited to determining whether substantial evidence exists to support the common pleas court's findings and whether or not that court abused its discretion or committed an error of law. *Appeal of Daras,* 65 Pa. Commonwealth Ct. 456, 442 A.2d 859 (1982).

In its initial contention, the LCB argues that the resort area exception of Section 461(b) does not apply to Bankovich's crab house. The common pleas court, the LCB stresses, did not find that the crab house was located in a resort area, rather, that it was located in the "environs" of a resort area. Simply being in the environs of a resort area, the LCB contends, is not sufficient to bring an establishment into the resort area exception found in Section 461(b). We agree.

There can be no question that the stated purpose of the General Assembly in enacting liquor regulation legislation has always been to restrain and discourage the sale of liquor, not to promote it. *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981). Thus, the resort area exception to the quota rule of the Code must be interpreted in light of that purpose. *Penn State Faculty Club v. Pennsylvania Liquor Control Board,* 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978). Section 461(b) reads as follows:

§4-461. *Limiting number of retail licenses to be
issued in each municipality*

. . . .

(b) The board [LCB] shall have the power
to increase the number of licenses in any such
municipality which in the opinion of the board
is located *within* a resort area. (Emphasis
added.)

While the term "resort area" is not defined by the
Code, our appellate courts have held that a "resort
area" is characterized by a population increase in the
geographical area surrounding the premises during
certain seasons such that the usual number of liquor
licenses within the geographical area is not adequate
to serve the needs of the people and that it must ap-
pear that the area's facilities are used primarily by
temporary residents or tourists and not by area resi-
dents. *Willowbrook Country Club, Inc., Liquor Li-
cense Case,* 409 Pa. 370, 373, 187 A.2d 154, 155 (1962);
*In re Brandywine Valley Inn, Inc.,* 53 Pa. Common-
wealth Ct. 203, 207, 417 A.2d 823, 826 (1980). The
LCB has wide discretion in determining whether an
area in which a municipality is located is a "resort
area" and the courts are not authorized to set aside
such action of the LCB absent a clear abuse of discre-
tion. *Application of El Rancho Grande, Inc.; Chukker
Valley Golf Club, Inc. v. Pennsylvania Liquor Control
Board,* 20 Pa. Commonwealth Ct. 321, 341 A.2d 212
(1975).

Viewing the record, we agree with the LCB that
Bankovich's crab house is not located in a "resort
area" within the purview of Section 461(b). The crab
house is located 3.4 miles from Harvey's Lake, which
the LCB has determined to be a resort area within the
meaning of Section 461(b). The crab house is also 5.5
miles from Francis Slocum State Park and has two
golf courses within a 3.4 mile radius. These facts are

closely akin to those presented in *Chukker Valley Golf Club, Inc.* in which this Court upheld an LCB determination that the golf club was not located in a "resort area." There, the evidence indicated that there were four parks within a ten mile radius of the club, six more parks within thirty miles, and two racetracks and two amusement parks within thirty-two miles of the club, which was located in New Hanover Township, Montgomery County. We specifically stated that the mere presence of heavily used recreational facilities in the general vicinity of an applicant is not sufficient to support a determination that the area is a "resort area" under the Code absent specific evidence as to seasonal population increase. 20 Pa. Commonwealth Ct. at 324, 341 A.2d at 213. There must be specific evidence relating to the size of the recreational facilities in and around the municipality, their proximity to the applicant's place of business, the seasons during which the facilities are used, and the number of people occupying them. *Aiello Liquor License Case,* 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979). Here, Bankovich failed to provide any evidence as to a seasonal population increase experienced by Dallas Borough resulting from temporary residents or tourists. The only evidence he presented was that his business of selling hard-shell crabs tripled to one hundred bushels per week during the summer months and that most of the sales were to tourists and temporary residents. This evidence is insufficient upon which to base a finding that Bankovich's crab house is located within a "resort area" as envisioned by Section 461(b).

We further note that the common pleas court made no specific findings as to the seasonal influx of transients. The pertinent findings of the common pleas court are as follows:

2. *Harvey's Lake* is a resort area.

3. That the Applicant's [Bankovich] establishment is in the *environs* of a resort area.

. . . .

5. That the establishment triples its business in the summertime. (Emphasis added.)

This Court has previously held that it is not sufficient to say that the number of people in the area increases during a certain season. What is required is a specific finding that there was an increase of persons yearly in the region at peak periods. *Petition of Springdale District Sportsmen's Association,* 20 Pa. Commonwealth Ct. 479, 485, 342 A.2d 802, 805 (1975). The above findings of the common pleas court do not satisfy that requirement of specificity set forth in *Springdale District Sportsmen's Association.* The fact that a municipality is in the general area of an acknowledged "resort area" does not make that municipality a "resort area" for purposes of Section 461(b). Were this not the case, there would be very few areas in this Commonwealth which could not be so bootstrapped into the resort area exception of Section 461(b). While Harvey's Lake may be an acknowledged "resort area," on the record before us, we cannot say that the LCB had abused its discretion in finding that Dallas Borough was not a "resort area" within the meaning of Section 461(b). Accordingly, Bankovich's crab house is not located within a "resort area" as contemplated by Section 461(b) and the exception from the liquor license quota is not applicable to him.

Since we have found that the common pleas court erred in finding that the resort area exception of Section 461(b) was applicable to Bankovich's crab house, we need not address the LCB's second issue pertaining to the showing of need for an additional license in the municipality since that showing is only required once it has been established that an establishment is located in a resort area. On the basis of *Springdale District*

*Sportsmen's Association* and *Chukker Valley Golf Club, Inc.,* we reverse the common pleas court and reinstate the LCB's denial of Bankovich's application for a restaurant liquor license.

### ORDER

Now, January 7, 1986, the Order of the Court of Common Pleas of Luzerne County at Docket No. 783 of 1984, dated September 6, 1984, which directed the Pennsylvania Liquor Control Board to issue a Restaurant Liquor License to Paul Bankovich, is reversed, and the Order of the Pennsylvania Liquor Control Board, dated April 13, 1984, which denied the application of Paul Bankovich for a Restaurant Liquor License, is reinstated.