516 A.2d 79

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Charles Weiner, Appellee.

Argued September 9, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Kenneth W. Makowski,* Assistant Counsel, with him, *Gary F. DiVito,* Chief Counsel, for appellant.

*F. Emmett Fitzpatrick, F. Emmett Fitzpatrick, P.C.,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, October 9, 1986:

In this liquor license case, the Pennsylvania Liquor Control Board (PLCB) appeals here an order of the Court of Common Pleas of Philadelphia County. That order reversed a PLCB adjudication rescinding approval of an application for transfer of a restaurant liquor license filed by Charles Weiner and ordered Weiner to properly post notice of the application on the proposed licensed premises. We reverse.

The pertinent facts are as follows. Weiner filed an application for a transfer of a restaurant liquor license with the PLCB on February 9, 1983. The PLCB granted conditional approval for the transfer on May 18, 1983. The PLCB approval was conditioned only upon the physical completion of the proposed licensed premises at 1910 Cheltenham Avenue in Philadelphia.

Subsequent to the PLCB's conditional approval, a number of neighborhood residents brought suit alleging Weiner failed to post notice of the pending liquor li-

cense application on 1910 Cheltenham Avenue during the period the application was pending. Posting of such notice is required by Section 403(g) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-403(g), and the PLCB's regulations at 40 Pa. Code §3.11. On October 17, 1983, this Court, pursuant to an oral stipulation of counsel, remanded the matter back to the PLCB for a hearing limited to the issue of whether Weiner properly posted notice of his pending liquor license application. The PLCB conducted an extensive hearing after which it found Weiner had in fact not properly posted notice of the pending application. As a result of that finding, on July 16, 1984, the PLCB rescinded its prior approval of Weiner's application and directed him to properly post notice of the application with a further hearing to be held if protests were filed. Weiner appealed the PLCB order to Philadelphia Common Pleas Court which heard the matter *de novo.* After taking testimony and reviewing the record made before the PLCB, the common pleas court reversed the PLCB's adjudication and found Weiner had properly posted notice of the pending application and directed the PLCB to issue Weiner a restaurant liquor license. The PLCB has appealed that order to this Court.

In this appeal, the PLCB contends: (1) the common pleas court had no appellate jurisdiction over its adjudication of July 16, 1984; (2) the common pleas court went beyond its scope of review of a PLCB adjudication dealing with a liquor license transfer application and substituted its judgment for that of the PLCB by improperly making factual findings different from the PLCB based upon evidence substantially similar to that presented before the PLCB; and (3) the common pleas court improperly based its conclusion that the PLCB abused its discretion upon the court's different credibility determinations on substantially similar evidence. We shall dis-

cuss these issues *seriatim.* Our scope of review, however, where the common pleas court has heard the matter *de novo,* is limited to determining whether there is substantial evidence to support the common pleas court's findings and whether the common pleas court committed an error of law or abused its discretion. *Pennsylvania Liquor Control Board v. Bankovich,* 94 Pa. Commonwealth Ct. 93, 502 A.2d 794 (1986).

The PLCB's initial contention is that its order of July 16, 1984 is not an appealable order under Section 464 of the Liquor Code, 47 P.S. §4-464. It argues the statutory language of Section 464 grants the right of appeal only where the PLCB *refuses* to approve a transfer application. Accordingly, the PLCB argues, since its order merely directed Weiner to properly post notice of his application, it cannot be construed as a refusal giving him a right of appeal under Section 464. We disagree.

The PLCB order of July 16, 1984 did more than merely direct Weiner to properly post notice of his application on 1910 Cheltenham Avenue. It also rescinded a prior approval of his transfer application which it had granted on May 13, 1983. Essentially, the PLCB order of July 16, 1984 refused Weiner's initial transfer application and directed him to begin the application process anew. There is no question a liquor license adds significant value to the licensed premises and once approval for a license has been granted it is protected against arbitrary revocation or rescission. *Redevelopment Authority of Philadelphia v. Lieberman,* 461 Pa. 208, 336 A.2d 249 (1975). There can be no question Weiner was deprived of a valuable interest when the PLCB rescinded its prior approval of his application to transfer a restaurant liquor license. Thus viewed, the PLCB order of July 16, 1984 constitutes an appealable order under Section 464 and the common pleas court properly exercised its appellate jurisdiction.

The PLCB next argues the common pleas court exceeded its narrow scope of review under Section 464. We have previously noted that while an appeal of a PLCB order pertaining to the transfer of a liquor license is *de novo*, the common pleas court may reverse the PLCB only where the PLCB has abused its discretion and the court may not substitute its findings for those of the PLCB where the evidence presented to the common pleas court is not significantly different from that presented to the PLCB. *Application of Barone*, 43 Pa. Commonwealth Ct. 446, 403 A.2d 148 (1979); *Thompson v. Pennsylvania Liquor Control Board*, 22 Pa. Commonwealth Ct. 344, 348 A.2d 916 (1975). The PLCB contends the evidence presented before the common pleas court was substantially similar to that presented before it and the common pleas court was bound to affirm the PLCB's findings. We agree.

We are satisfied by our review of the record of the hearings before both the common pleas court and the PLCB that the evidence presented in both was substantially similar and did not differ to the degree necessary to allow the common pleas court to make its own findings at variance with those of the PLCB. While there was some substitution of witnesses on both sides in common pleas court from those presented before the PLCB, those substitutions were minor and the testimony provided by all the witnesses in the two proceedings was substantially similar. We emphasize the evidence need only be substantially similar in both proceedings, not the same, for the common pleas court to be bound by the PLCB's findings. *See Pennsylvania Liquor Control Board v. Horner*, 88 Pa. Commonwealth Ct. 102, 488 A.2d 661 (1985); *Amminiti Appeal*, 32 Pa. Commonwealth Ct. 13, 377 A.2d 1042 (1977). Also, we are convinced the minor substitution of witnesses had no material effect upon the weight of the evidence. We

agree, therefore, with the PLCB that the common pleas court exceeded its scope of review when it substituted its own findings for those of the PLCB based upon substantially similar evidence.

Since the common pleas court also found the PLCB abused its discretion when it rescinded its prior approval of Weiner's application, we must also address the PLCB's final contention that the common pleas court abused its discretion when it reversed the PLCB's order. The PLCB argues the common pleas court based its conclusion the PLCB abused its discretion solely upon different credibility determinations of substantially similar evidence presented before it. This, the PLCB contends, is an abuse of the common pleas court's discretion. We agree. The opinion of the common pleas judge clearly shows the reversal of the PLCB was based upon the court's own credibility determination. Slip op. at 4-5. Since the common pleas court expressly based its determination regarding the PLCB's asserted abuse of discretion upon that court's own findings, the common pleas court, therefore, erred since it was without the power to substitute its findings for those of the PLCB. *Horner; Amminiti.* The conclusion of the common pleas court that the PLCB abused its discretion must be reversed.

Having found the common pleas court exceeded its scope of review by substituting its findings for those of the PLCB based upon substantially similar evidence and erred as a matter of law when it concluded the PLCB abused its discretion based upon the court's substituted findings, we shall reverse the order of the common pleas court and reinstate the adjudication of the PLCB requiring Weiner to commence anew the license transfer process.

ORDER

Now, October 9, 1986, the Order of the Court of Common Pleas of Philadelphia County at Docket No. 2769, August Term 1984, dated August 6, 1985, is hereby reversed and the Order of the Pennsylvania Liquor Control Board dated July 16, 1984 is hereby reinstated.

Judge COLINS concurs in the result only.