517 A.2d 581

In Re: 23rd St., Inc. Logan Square Neighborhood Association et al., Appellants.

Argued September 9, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

Held: Affirmed. Application for reargument filed and denied.

*Thomas B. Schmidt, III,* with him, *Michael H. Reed, Pepper, Hamilton & Scheetz,* and *Milton A. Nemeroff* and *Thomas A. Nemeroff, Nemeroff & Roberts,* for appellants.

*John J. McCreesh, III,* with him, *John Paul Curran, Curran, Mylotte, David and Fitzpatrick,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 14, 1986:

The Logan Square Neighborhood Association[1] (Logan Square) appeals a Philadelphia County Common Pleas Court order which reversed the Liquor Control Board (LCB) and approved the transfer of an existing liquor license to premises at 233-35 N. 23rd Street in Philadelphia.

At the *de novo* hearing, Logan Square presented fifteen witnesses who objected to the possible parking

---

[1] Appellants also include Shannon Village Condominium Association, Milton A. Nemeroff, Esq., Michael H. Reed, Esq., Michael E. Markovitz, Esq., and Murray S. Levin, Esq.

problems, noise, restaurant fumes, traffic and the perceived threat that the service and consumption of liquor could harm the quiet, residential character of the neighborhood. The Common Pleas Court held that the transfer would not adversely affect the health, welfare, peace and morals of the neighborhood and that the LCB erred in denying the application for a license transfer.

Our scope of review where the common pleas court has heard a liquor license matter *de novo* is limited to determining whether there is substantial evidence to support the common pleas court's findings or whether the common pleas court committed an error of law or abused its discretion. *Pennsylvania Liquor Control Board v. Bankovich,* 94 Pa. Commonwealth Ct. 93, 502 A.2d 794 (1986).

Logan Square contends that the Common Pleas Court exceeded its scope of review in reversing the LCB because the evidence it considered did not vary significantly from that presented to the LCB.

23rd Street, Inc., contends that, although the Common Pleas Court considered similar evidence, it was not error to conclude that the evidence was insufficient to warrant a denial. We agree.

The legislature has established the principle that a licensed establishment is not ordinarily detrimental to the welfare, health and morals of the inhabitants of the neighborhood. *Parks v. Pennsylvania Liquor Control Board,* 44 Pa. Commonwealth Ct. 87, 403 A.2d 628 (1979). A transfer will be detrimental only in cases where the nature of the establishment to be licensed is such that it will adversely affect the nature and character of its neighborhood.

23rd Street maintains that the City zoned the area for commercial establishments and has numerous codes to protect residents against noise, fumes and traffic congestion. We note that, at the time of the transfer appli-

cation, the area was zoned commercial. Moreover, the objectors' complaints were concerned primarily with the effects of increased traffic and alcohol consumption in the neighborhood. However, as the Common Pleas Court noted, there is no legal correlation between the availability of alcoholic beverages and dangerous driving per se, *Parks* at 91, 403 A.2d at 631, and the evidence in the record is insufficient to show any such correlation.

Therefore, we hold that the Common Pleas Court did not err in reversing the LCB. Although the evidence it considered was essentially the same as that which the LCB considered, the trial court's conclusion that such evidence was legally insufficient to warrant a denial is well within its purview.

We affirm the order of the Common Pleas Court and grant the transfer of the license.

ORDER

The Philadelphia Common Pleas Court order, No. 8503-2825 Miscellaneous Docket, dated November 21, 1985, is affirmed.