532 A.2d 517

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Nicholas Glucki, t/a Glucki's Lounge, Appellee.

Argued March 26, 1987, before Judges MacPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Eileen Maunus,* with her, *Felix Thau,* Deputy Chief Counsel, *Gary F. DiVito,* Chief Counsel, for appellant.

*Eugene P. Girman,* with him, *Louis E. Caputo,* for appellee.

OPINION BY JUDGE BLATT, October 20, 1987:

The Pennsylvania Liquor Control Board (PLCB) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which reversed the PLCB's decision and granted the application of Nicholas Glucki (applicant) for a new liquor license.

The record indicates that, on June 26, 1983, the applicant filed an application for a new restaurant liquor license for premises located at 1000 River Boulevard, Leetsdale Borough, Allegheny County, Pennsylvania. The liquor license quota for Leetsdale Borough is one, and there are five restaurant liquor licenses in effect which are counted against this quota. The application was made, however, pursuant to the resort area exception specified in Section 461(b) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b).[1]

After a hearing, the PLCB denied the application on the basis of the following pertinent findings of fact:

1. The quota for Leetsdale, Allegheny County, is 1 and there are 5 restaurant liquor licenses in

---

[1] Section 461(b) of the Code provides that:
The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area.

effect counted against this quota. Accordingly, the quota is exceeded. There are also 1 club liquor license and 2 catering club liquor licenses in effect which are not counted against the quota.

2. The Board is not satisfied that the establishment proposed to be licensed is located in a resort area.

3. There is no evidence of necessity for an additional restaurant liquor license in Leetsdale, Allegheny County.

After a *de novo* review, the trial court reversed the PLCB decision, concluding that, as a matter of law, the Borough of Leetsdale is located in a "resort area" under Section 461(b) of the Code and that a need exists for an additional restaurant with a liquor license in this area.

Our scope of review, of course, is limited to determining whether or not there is substantial evidence to support the findings and whether or not the trial court committed an error of law or abused its discretion. *In Re: 23rd St., Inc.,* 102 Pa. Commonwealth Ct. 224, 517 A.2d 581 (1986).

The PLCB contends that the trial court exceeded its scope of review by improperly substituting its findings for those of the PLCB. The PLCB also argues that the trial court erred in concluding that the applicant met his burden of demonstrating the need for an additional liquor license in the area.

In regard to the first contention, we have previously noted that, while an appeal of a PLCB order pertaining to the granting of a liquor license is *de novo,* the trial court may reverse the PLCB only where the PLCB has abused its discretion, and the court may not substitute its findings for those of the PLCB where the evidence presented to the trial court is not significantly different from that presented to the PLCB. *Pennsylvania Liquor Control Board v. Weiner,* 101 Pa. Commonwealth Ct.

235, 516 A.2d 79 (1986). The PLCB contends that the evidence presented to both the trial court and the PLCB, as to whether or not Leetsdale is located in a resort area, was substantially similar and that the trial court was consequently bound to affirm the PLCB's findings. We agree.

In order for a location to be designated as a "resort area" under Section 461(b) of the Code, there must be specific evidence relating to the size of the recreational facilities in and around the municipality, their proximity to the applicant's place of business, the seasons during which the facilities are used, and the number of people occupying them. *Pennsylvania Liquor Control Board v. Bankovich,* 94 Pa. Commonwealth Ct. 93, 502 A.2d 794 (1986). The PLCB heard testimony from the Mayor and a Councilman, both from Leetsdale, as well as from the applicant, all of whom testified to the effect that Leetsdale was in close proximity to several recreational facilities. The only additional evidence taken by the trial court was the testimony of Mike Poninsky, the Chief of Police of the Borough of Leetsdale, who did not testify before the PLCB. Mr. Poninsky testified that Leetsdale should be designated a resort area because of its proximity to several recreational facilities and also because of rather large 4th of July celebrations held there each year. Our review of the record indicates that Mr. Poninsky's testimony before the trial court was substantially similar to the testimony taken from others before the PLCB and clearly did not differ to the extent necessary to permit the trial court to make its own findings at variance with those of the PLCB. *Weiner.* We agree, therefore, with the PLCB that the trial court exceeded its scope of review and committed an error of law when it designated Leetsdale as a resort area under Section 461(b) of the Code by improperly substituting its own findings for those of the PLCB, which were based upon substantially similar evidence.

Inasmuch as we have found that the trial court erred in finding that the Borough of Leetsdale is located in a resort area under Section 461(b) of the Code, we need not address the PLCB's second contention with regard to a showing of need for an additional license in Leetsdale. The demonstration of necessity is only required once it has been established that an establishment is located in a resort area. *Bankovich,* 94 Pa. Commonwealth Ct. at 99, 502 A.2d at 797.

Accordingly, we will reverse the order of the trial court.

ORDER

AND NOW, this 20th day of October, 1987, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.