## Pagan v. Pennsylvania Liquor Control Board

C.P. of Lehigh County, no. 1999-C-2903.

*William Fries,* for appellant.
*Robin Coward,* for appellee.

FORD, *J.,* July 26, 2000—The Pennsylvania Liquor Control Board refused the application of the appellant, Luis Pagan, for a person-to-person transfer of restaurant liquor license no. R-1243. The decision was rendered by the board on October 29, 1999. The appellant appealed that decision to us. On July 19, 2000, we denied the appeal and, consequently, denied the transfer of the liquor license to the appellant. We now set forth the reasons for our July 19 order. We begin with the procedural history of the case.

## PROCEDURAL HISTORY

On May 8, 1998, the appellant filed an application for the transfer of restaurant liquor license no. R-1243 with the Pennsylvania Liquor Control Board. The appellant contemplated transfer of that liquor license from the estate of Carmen Palladino to him. The appellant also completed an "Application for retail liquor or retail dispenser license and permits." An application for the transfer was completed by the executor of the Palladino estate, bearing execution date of April 30, 1998.

On February 10, 1999, Robert Woodside, a licensing analyst for the board, conducted an investigation of the

applications which uncovered some interesting materials which will be discussed below under findings of fact.

On August 11, 1999, Patrick Mellody, a hearing examiner appointed by the board, conducted a hearing on the application for transfer filed by the appellant. The hearing examiner recommended that the board approve the transfer.

The board, on October 29, 1999, entered an order rejecting the recommendation of the hearing officer and refusing the transfer of the liquor license.

The appeal to this court, from this action by the board, was filed by the appellant on November 18, 1999.

The board filed an opinion on December 10, 1999 explaining the reasons for its action in denying the application. As the board explained, it denied the application for two reasons, namely, that the appellant is "both a known criminal and not a person of good repute" and "[t]here is no current agreement for the sale of restaurant liquor license no. R-1243 and thus, the license is not available for transfer."

Our hearing on the appeal was conducted on April 3, 1999. Subsequent to the hearing, the parties filed briefs stating their respective positions. We have considered those in reaching our decision. We have also read the brief of amicus curiae Jerry Snyder, Esquire, counsel for the Palladino estate.

## FINDINGS OF FACT

(1) The establishment for which the appellant seeks the liquor license is located at 701 North Jordan Street, Allentown, Lehigh County, Pennsylvania. He purchased the property on March 9, 1999. He substantially remod-

eled the property spending over $12,000. He operates a restaurant there, with small bar, for lunch and dinners. It is a Spanish-American restaurant which is operated by the appellant and his mother, Ramira Vasquez. After a few months of operation, the appellant realized that the business would not be profitable without the ability to serve alcoholic beverages.

(2) At the time of the hearing, the restaurant being operated at 701 North Jordan Street was a legitimate and bona fide restaurant operation.

(3) The appellant resides a few blocks from the restaurant at 382 West Washington Street, Allentown, Pennsylvania. He purchased and rehabilitated that property.

(4) The appellant has had steady employment and has been responsible in this regard for several years preceding the application. He has been employed by Fort James Corporation for a period in excess of two years. He also takes courses in lathe training. The appellant is financially responsible. He works long hours. He has an excellent record with his employer.

(5) When the appellant submitted his May 8, 1998 application for transfer of license and permit, the appellant provided no information in response to item 17. That application, which is part of the record, reads at number 17:

"Conviction Record: The following is a record of all felony and misdemeanor convictions of the individual owner, all partners, the manager and all corporate officers, directors and stockholders. (Attach separate sheet, if necessary). If there have been no such convictions, insert the word 'None.' "

(6) The appellant has a significant criminal record which was not revealed on the application. It consists of the following:

(A) Conviction on July 30, 1981, for aggravated assault, a felony of the second degree; carrying a firearm without a license, misdemeanor of the first degree; and possession of marijuana, a misdemeanor. The defendant received a sentence of imprisonment. He was released from prison on June 1, 1983. He was paroled on July 29, 1985.

(B) The appellant was convicted on June 12, 1984 of a misdemeanor violation of Pennsylvania's Drug Act. He was sentenced to 30 days in the county prison.

(C) The appellant was convicted on June 19, 1987 of disorderly conduct, a misdemeanor of the third degree. He was sentenced to six months of county probation.

(D) The appellant was convicted on August 11, 1992 of carrying a firearm without a license, a misdemeanor of the first degree; and possession with intent to deliver cocaine, a felony. The appellant was sentenced to a term of imprisonment, commencing on October 5, 1992 with a release date of August 31, 1994.

(E) The appellant was convicted on November 4, 1992 of possession of marijuana, a misdemeanor offense. He was sentenced to 15 to 30 days in the county prison.

(7) The appellant submitted an "application addendum" to the board. It was submitted after the initial application but before the hearing conducted by the hearing examiner. In this application addendum, signed by appellant, the criminal record of the appellant, which we have set forth above, is revealed.

(8) The appellant testified that he relied upon the advice of his counsel, in the completion of item number 17 on the application for retail liquor or retail dispenser license and permits completed by appellant. In this regard, exhibit P-11 was admitted into evidence which is a stipulation of testimony as to Gene F. Roscioli, Esquire, counsel for the appellant who completed that application. In P-11 it is indicated that the decision not to include the criminal record of the appellant on the original application was a decision made by Attorney Roscioli on the basis of the attorney's understanding that the board would not take into consideration any crimes and offenses that occurred more than five years prior to the filing of the application.

(9) Mr. Richard Yurick who resides on Washington Street in Allentown, several blocks from the proposed site for the liquor license, testified on behalf of the appellant. He is of the opinion that the appellant has a good reputation as a hard worker and as one who is trying to get ahead. He has known the appellant for approximately 12 years. Mr. Yurick has performed some work for pay, on a temporary basis, for the appellant in the past.

(10) On February 29, 2000, after a contested hearing, a final order of court was entered by our colleague, the Honorable Edward D. Reibman, under the Protection From Abuse Act. The terms of that order remain in effect until February 28, 2001. The basis for that order is assaultive behavior by the defendant. (We take judicial notice of these facts by a review of the order which was entered in Lehigh County case number 2000-PF-119.)

(11) The appellant attempted to work directly with Jerry Snyder, Esquire, the attorney for the Palladino estate, to consummate the agreement for the real estate at

701 North Jordan Street and for the transfer of the liquor license. However, the appellant was represented by counsel. Attorney Snyder cautioned the appellant on several occasions not to deal with him directly and, rather, to deal through counsel. The appellant ignored these admonitions from Attorney Snyder. The appellant, on several occasions, went uninvited before business hours to the office of Attorney Snyder, after Attorney Snyder made it clear that appellant was not welcome there. The appellant persisted in going to the office of Attorney Snyder without counsel and when the office was closed for business. On the occasion of the last visit, the appellant refused to heed the directives of Attorney Snyder to leave the property. Appellant only left when the attorney threatened to call the local police.

(12) The estate of Carmen Palladino sold 701 North Jordan Street to appellant without a liquor license.

(13) By the time that the board acted on the application of the appellant for the transfer of the license, there was substantial question as to whether an agreement of sale between the Palladino estate and the appellant for the transfer of the liquor license existed. There was a prior agreement which, after several extensions, is alleged by the Palladino estate to have expired because of the failure of the appellant to comply with the terms of the agreement.

## DISCUSSION AND CONCLUSIONS OF LAW

Our standard of review in this appeal under 47 P.S. §4-464 for the board's refusal to allow the transfer of the license, has been set forth by the Supreme Court.

"We have held that an appeal from a decision of the board pursuant to this language required the court of

common pleas to conduct a de novo review, and in the exercise of its statutory discretion, to make findings and conclusions. We also held that this language permitted a court of common pleas, based upon its de novo review, to sustain, alter, change or modify a penalty imposed by the board whether or not it makes findings which are materially different from those found by the board." *Pennsylvania Liquor Control Board v. Richard E. Craft American Legion Home Corporation,* 553 Pa. 99, 103, 718 A.2d 276, 278 (1998) (citing *Adair v. Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988)).

The burden of proving eligibility for a liquor license is on the applicant. *In re Giannilli,* 82 Pa. Commw. 142, 145, 474 A.2d 738, 740 (1984).

The requirements for the approval of a person-to-person liquor license transfer are set forth at 47 P.S. §4-404. One of the requirements is that "the applicant is a person of good repute." We find that the appellant has not proven that he is a person of good repute. This is the first reason for our sustaining the refusal of the person-to-person transfer by the board.

We have considered the appellant's evidence in support of his contention that he is a "person of good repute." The appellant presented uncontradicted evidence that he is financially stable, that he has worked hard at his employment for a period of years and that he has expended time, effort and money to make a successful operation of his restaurant business, which has been in operation for a number of months. The appellant has refurbished the restaurant at 701 North Jordan Street. He has improved several other properties. He continues to educate himself. The acquiring of the liquor license would

probably make the business at 701 North Jordan Street more profitable. In addition, we have considered the testimony of the one witness presented by the appellant to establish a positive reputation for the appellant. That witness was Richard Yurick. He indicated that the appellant's reputation is one of a hard worker who is trying to get ahead.

However, a different profile of the appellant emerges when all of the other evidence is considered.

We cannot ignore the nature and extent of the appellant's criminal record in this application for a license to sell alcohol in his restaurant establishment. The criminal record must be examined closely in light of the object which the appellant seeks in this action, namely, a liquor license. For, as has been said in *Tahiti Bar Inc., Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959), *appeal dismissed,* 361 U.S. 85, 80 S.Ct. 159, 4 L.Ed.2d 116 (1959), there is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than the regulation and control of a use and sale of alcoholic beverages. In *Tahiti Bar,* the Supreme Court specifically pointed to the " 'alleged noxious qualities and extraordinary evils' traditionally assigned to the use of alcoholic beverages" as justification for the state's regulation of traffic in alcoholic beverages. *Id.* at 360, 150 A.2d at 115.

"The question then arises for how long a time should a conviction of violation of the law stamp a man as one without a good reputation. It probably depends upon the nature of the criminal violation." *In re Appeal of Russell J. Balliet,* 22 Lehigh L.J. 444, 446 (1947) (a liquor license refusal case).

As we analyze the appellant's criminal record, we find that he has multiple convictions for drug offenses including a felony offense. We find that he is a convicted felon for aggravated assault. We find that he has two firearms offenses. His criminal record spans the entire decade that was the 1980s and made its appearance in the early 1990s. In four of the appellant's cases, he received sentences of imprisonment. In one case, he spent what appears to be approximately two years in prison with a release date of August 31, 1994. The record is not clear as to whether there was a parole beyond August 31, 1994. The appellant was three months short of a four year anniversary from his release from prison for a felony conviction when he made his application for the transfer of the license.

In view of the potential for harm to the community associated with an establishment that serves liquor, these convictions for an offense of violence, for weapons violations and for possessing and intending to distribute illegal drugs have particular implication for the appeal which is before us. The people who are inclined and who actually commit these types of offenses have no business receiving a license to dispense alcohol.

The appellant argues that he has reformed as is evidenced by his hard work which we have recited above. While we commend him for the positive things that he has done, we are disturbed by some recent activity which is also uncontroverted. We refer to the believable testimony of Attorney Jerry Snyder that the appellant ignored, several times, his admonitions not to come to the attorney's office. The testimony continued that, on their last encounter, only a threat to call the police caused the

appellant to leave the property of Mr. Snyder after his repeated demands.

There was testimony about contempt petitions that had been filed against the appellant for recent alleged violations of a final Protection From Abuse Act order. We judicially note that, in the PFA case, Lehigh County number 2000-PF-0119, two contempts were dismissed against the defendant. Accordingly, we do not hold the allegations of contempt against the defendant. On the other hand, we judicially note that the final PFA order which was entered on February 29, 2000, was entered after a contested hearing. We can tell that from the order in that the defendant is assessed, among other costs, the Pennsylvania State Police Registry surcharge. The record papers indicate that the order was based upon allegations of assaultive behavior by the defendant. In that the final PFA order was entered, we have before us proof of disturbing conduct earlier this year.

Thus, the appellant has not met his burden of proof that he is a person of good repute. To the contrary, substantial questions remain about the character and reputation of the appellant. It would be irresponsible, under these circumstances, to grant the transfer of the license.

In this proceeding, we do not make a determination as to what apparently is a hotly contested issue between the Palladino estate and the appellant as to whether there is an enforceable agreement for the transfer of the liquor license between the appellant and the estate. We have substantial question about the enforceability of the agreement based primarily upon the testimony of Attorney Jerry Snyder and the exhibits which were introduced into evidence on that issue. Such an agreement must be proven by the appellant as a basis for the transfer. It has not been

216

proven. We therefore conclude that there is insufficient proof of a current agreement for the sale of restaurant liquor license no. R-1243. Without such agreement, the license would not be available for transfer.

The appellant has failed to meet his burden of proof in demonstrating that he is a person of good repute and in demonstrating that he has an effective agreement for the sale of the liquor license. For these reasons, we deny the transfer of the license and affirm the action of the board.